IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| ABREU SANTIAGO<br><br>  Plaintiff,<br><br>v.<br><br>MARRIOTT INTERNATIONAL, INC., a Delaware corporation, d/b/a "AC HOTEL BY MARRIOTT CHICAGO DOWNTOWN"<br><br>  Defendant. | Case No. 1:24-cv-01813<br><br>Hon. |

**PLAINTIFF'S COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF**

Plaintiff Abreu Santiago, through his undersigned counsel, states the following in support of his Complaint for Declaratory and Injunctive Relief to remedy discrimination by Defendant Marriott International, Inc. based on Plaintiff's disability in violation of Title III of the Americans with Disabilities Act of 1990, 42 U.S.C. §§ 12181 et seq. ("ADA"), and its implementing regulation, 28 C.F.R. Part 36:

**JURISDICTION AND VENUE**

1. This Court has jurisdiction over this action pursuant to 42 U.S.C. § 2000a-3(a), 28 U.S.C. § 1331, and 28 U.S.C. § 1343.

2. Venue is appropriate in this district under 28 U.S.C. § 1391 because the acts of discrimination occurred in this district, and the property that is the subject of this action is in this district.

**PARTIES**

3. Plaintiff is a resident of Palm Beach County, Florida.

1

4. Defendant Marriott International, Inc. is a corporation with its registered office located at 208 S. LaSalle, Suite 814, Chicago, IL 60604.

5. Upon information and belief, Marriott International, Inc. owns and/or manages "AC Hotel by Marriott Chicago Downtown" whose location qualifies as a "Facility" as defined in 28 C.F.R. § 36.104.

## FACTUAL ALLEGATIONS

6. Plaintiff incorporates the above paragraphs by reference.

7. Plaintiff is an individual with numerous disabilities, including moderately severe multiple sclerosis and is also paraplegic. These conditions cause sudden onsets of severe pain, require Plaintiff to use a wheelchair, and substantially limit Plaintiff's major life activities.

8. Plaintiff suffered from these disabilities during his visit (and prior to instituting this action) to "AC Hotel by Marriott Chicago Downtown."

9. Plaintiff's disabilities are considered a qualified disability under 28 C.F.R. 36.105.

10. Plaintiff's condition requires mobility aids to assist his movement at all times.

11. Plaintiff regularly travels to the Chicago, IL area to visit friends and shop. Plaintiff visited Chicago, IL on July 5, 2023, and plans to return in July, 2024.

12. Plaintiff stays in a hotel when he is in the area.

13. Plaintiff does not always stay at the same hotel, but prefers to shop around for the best places with regard to comfortable amenities, prices, location, and ease of access to accommodate his disabilities.

14. Plaintiff regularly experiences barriers to access relating to his disability at hotels due to his frequent travels.

15. While many hotels advertise that they are accessible, Plaintiff still regularly encounters barriers to access.

16. This requires Plaintiff to visit hotels that offer the accommodations, pricing and location he desires prior to making a reservation to ensure that he can access the Facility in a manner equal to non-disabled individuals.

17. Despite advertising that AC Hotel by Marriott Chicago Downtown is accessible, Plaintiff encountered barriers to access at the Chicago Facility, which denied him full and equal access and enjoyment of the services, goods, and amenities when he visited on July 5, 2023.

18. Plaintiff is currently deterred from considering the Facility as an option for lodging on his future planned visits due to the barriers and discriminatory effects of Defendant's policies and procedures at the Facility.

19. Plaintiff is deterred from returning due to the barriers and discriminatory effects of Defendant's policies and procedures at the Facility.

20. Plaintiff returns to every Facility after being notified of remediation of the discriminatory conditions to verify compliance with the ADA and regularly monitors the status of remediation.

## COUNT I
## REQUEST FOR DECLARATORY JUDGMENT UNDER 28 U.S.C. § 2201

21. Plaintiff incorporates the above paragraphs by reference.

22. This Court is empowered to issue a declaratory judgment regarding: (1) Defendant's violation of 42 U.S.C. § 12182; (2) Defendant's duty to comply with the provisions of 42 U.S.C. § 12181 et al; (3) Defendant's duty to remove architectural barriers at the Facility; and (4) Plaintiff's right to be free from discrimination due to his disability. 28 U.S.C. § 2201.

23. Plaintiff seeks an order declaring that he was discriminated against on the basis of his disability.

## COUNT II
## REQUEST FOR INJUNCTIVE RELIEF UNDER 42 U.S.C. § 2000a–3(a)

24. Plaintiff incorporates the above paragraphs by reference.

25. The Chicago Facility is a place of public accommodation covered by Title III of the ADA because it is operated by a private entity, its operations affect commerce, and it is a hotel. 42 U.S.C. § 12181(7); see 28 C.F.R. § 36.104.

26. Defendant is a public accommodation covered by Title III of the ADA because it owns, leases (or leases to), or operates a place of public accommodation. See 42 U.S.C. §§ 12181(7), 12182(a); 28 C.F.R. § 36.104.

27. Architectural barriers exist which deny Plaintiff full and equal access to the accommodations Defendant offers to non-disabled individuals.

28. Plaintiff personally encountered architectural barriers on July 5, 2023 at the Chicago Facility located at 630 N. Rush St., Chicago, IL 60611 that affected his disabilities:

    a. Men's Restroom:

        i. Providing a gate or door with a continuous opening pressure of greater than 5 lbs. exceeding the limits for a person with a disability in violation of sections 404, 404.1, 404.2, 404.2.9 and 309.4 of the Standards.

        ii. Failing to provide a coat hook within the proper reach ranges for a person with a disability in violation of sections 603, 603.4 and 308 of the Standards.

 iii. Failing to provide a dispenser in an accessible position (back wall or other inaccessible place) so that it can be reached by a person with a disability in violation of sections 606, 606.1, 308 and 308.2.2 of the Standards.

 iv. Failing to provide the proper insulation or protection for plumbing or other sharp or abrasive objects under a sink or countertop in violation of sections 606 and 606.5 of the Standards.

 v. Failing to provide the water closet in the required proper position relative to the side wall or partition in violation of sections 604 and 604.2 of the Standards.

 vi. Providing grab bars of improper horizontal length or spacing as required along the rear wall in violation of sections 604, 604.5, 604.5.1 and 604.5.2 of the Standards.

 vii. Failing to provide mirror(s) located above lavatories or countertops at the proper height above the finished floor in violation of sections 603 and 603.3 of the Standards.

 viii. Failing to provide a soap dispenser, hand sanitizer or its operable part at the correct height above the finished floor in violation of sections 606, 606.1 and 308 of the Standards.

 ix. Failing to provide the required clear floor space around a water closet without any obstructing or non-essential convenience elements or fixtures placed in this space in violation of sections

      4.22.3, 603, 603.2.3, 604, 604.3, 604.3.1, 604.3.2 and 604.8, 604.8.1.1 of the Standards.

   x. Failing to provide toilet paper dispensers in the proper position in front of the water closet or at the correct height above the finished floor in violation of sections 604, 604.7 and 309.4 of the Standards.

   xi. Providing grab bars of improper horizontal length or spacing as required along the side wall in violation of sections 604, 604.5, 604.5.1 and 604.5.2 of the Standards.

29. These barriers cause Plaintiff difficulty in safely using each element of the Facility, requiring extra care due to safety concerns and fear of aggravating his injuries.

30. Defendant has failed to remove some or all of the barriers and violations at the Facility.

31. Defendant's failure to remove these architectural barriers denies Plaintiff full and equal access to the Facility in violation of 42 U.S.C. § 12182(b)(2)(A)(iv).

32. Defendant's failure to modify its policies, practices, or procedures to train its staff to identify architectural barriers and reasonably modify its services creates an environment where individuals with disabilities are not provided goods and services in the most integrated setting possible is discriminatory. 42 U.S.C. §§ 12182(a), 12182(b)(2)(A)(iv), and 28 C.F.R. § 36.302.

33. It would be readily achievable for Defendant to remove all of the barriers at the Facility.

34. Failing to remove barriers to access where it is readily achievable is discrimination against individuals with disabilities. 42 U.S.C. §§ 12182(a), 12182(b)(2)(A)(iv), and 28 C.F.R. § 36.304.

**RELIEF REQUESTED**

WHEREFORE, Plaintiff respectfully requests that this Court:

 A. declare that the Facility identified in this Complaint is in violation of the ADA;

 B. declare that the Facility identified in this Complaint is in violation of the 2010 ADA Standards for Accessible Design;

 C. enter an Order requiring Defendant to make the Facility accessible to and usable by individuals with disabilities to the full extent required by Title III of the ADA and the 2010 ADA Standards for Accessible Design;

 D. enter an Order directing Defendant to evaluate and neutralize its policies, practices, and procedures towards persons with disabilities;

 E. award Plaintiff attorney fees, costs (including, but not limited to court costs and expert fees) and other expenses of this litigation pursuant to 42 U.S.C. § 12205; and

 F. grant any other such relief as the Court deems just and proper.

          Respectfully submitted,

          CASS LAW GROUP, P.C.

          /s/ Angela C. Spears
          Angela C. Spears
          CASS LAW GROUP, P.C.
          20015 S. LaGrange Rd #1098
          Frankfort, IL 60423
          T: (833) 343-6743
          F: (855) 744-4419
          E: aspears@casslawgroup.com
          *Counsel for Plaintiff*

Dated: March 4, 2024